**KAHN–PFEIFFER CO. v. BRASSCO, S. R. L.**

Civ. 54–249.

United States District Court
S. D. New York.

March 16, 1950.

Lans, Goldstein, Golenbock & Abrams, New York City, for plaintiff, Asher Lans, New York City, of counsel.

Casey, Beinecke & Chase, New York City, for defendant, William S. Beinecke, Edward J. Madden, New York City, of counsel.

CONGER, District Judge.

Motion by plaintiff to discontinue this action pursuant to Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

There are two actions pending between these parties for the same relief; one in the Supreme Court of the State of New York and the other (this action) in this Court. Issue has been joined in each action. The actions are identical. Ordinarily, this motion might very well be granted. It does appear that the action in the State Court may be reached for trial much quicker than the action here. In the State Court a preference may be had because of the nature of the action and the trial could be had in June of this year. In this Court the trial could not be had until probably next fall or winter.

However, in this court complications have arisen. To grant the motion at this time would greatly prejudice the defendant. At the present time pursuant to orders of Judge Irving Kaufman and Judge Sidney Sugarman defendant is in the midst of taking the examination of one of the partners of plaintiff.

In connection with this examination, defendant's attorney intends to apply for an inspection of documents, pursuant to Rule 34 of the F.R.C.P. to effectuate and complete the examination.

In addition there is pending in this Court a motion made by defendant to punish plaintiff's attorney for contempt. Under the circumstances I feel that this motion should not be granted until those matters are disposed of.

When this motion was argued before me I expressed my opinion to the attorneys involved that this whole problem could be settled easily and all the difficulties ironed out. I spent considerable time with them discussing the situation and finally suggested to them a plan whereby by stipulation their difficulties could be resolved. It was agreed that such a stipulation would be prepared and signed. Apparently, however, the attorneys have reached a stage where they cannot agree. I still think my plan was a good one. The stipulation [annexed hereto] follows generally but not fully my suggestion. I annex hereto the letters of the attorneys concerning the stipulation.

Under the circumstances I feel there is only one thing for me to do. The motion is denied without prejudice to a renewal thereof at an appropriate time.

Settle order on notice.